UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HAROLD BRIAN KRIEG,

    Plaintiff,

v.

ALLSTATE FINANCIAL SERVICE d/b/a
ALLSTATE ADJUSTMENT BUREAU
and DOES I through XX, inclusive,

    Defendants.

Case No. 2:05-CV-00525-KJD-PAL

**ORDER**

    Presently, the Court has before it Defendant's Motion to Dismiss (#17). Plaintiff filed an opposition (#18), to which Defendant replied (#20).

    On February 1, 2006, the Court entered an order dismissing without prejudice Plaintiff's complaint. Plaintiff's original complaint was rambling and disjunctive. It was unclear what events supported the various causes of action. Accordingly, the Court accorded Plaintiff the opportunity to file an amended complaint that would be more concise.

    On February 9, 2006, Plaintiff filed his amended complaint which is nearly identical to the original one. Again, what the Court can glean from the amended complaint is that collection actions were listed on his credits reports. Apparently, these actions were from accounts that resulted from services he received at the University Medical Center in the late 1990's. These two accounts were

later assigned to Defendant whose only collection effort was a collection letter sent shortly after the account was received. At this time Defendant reported the debts to the credit bureaus. These accounts, however, were later recalled by University Medical Center, which recall was also reported to the credit bureaus.

In his amended complaint, Plaintiff lists fifteen causes of action against Defendant. The first cause of action is based on the Federal Fair Credit Reporting Act. The remaining fourteen causes of action are state law claims (Acts of Bad Faith, Deceptive Trade Practices, Intent to Defraud, Breach of Obligation, Malice-Expressed or Implied, Conscious Disregard, Extortion, Negligence, Negligence Per Se, Culpable Negligence, Harassment, Slander-Libel and Defamation of Character, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress). Again, it is unclear what Plaintiff is alleging regarding the factual predicates of his claims. As to his only claim over which the Court has original jurisdiction[1] – violations of the Fair Credit Reporting Act – Plaintiff makes no allegations that would make Defendant liable under 15 U.S.C. § 1681s-2(a). Plaintiff does not allege that Defendant had actual knowledge of any error, that Defendant reported inaccurate information to a consumer reporting agency after receiving notice from Plaintiff, or that Defendant failed to correct and update information with a consumer reporting agency after notification. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under the §1681s-2(a)

Moreover, Plaintiff's state law claims, at first blush, also appear to be ripe for dismissal pursuant to Rule 12(b)(6). Notwithstanding this appearance, the Court will dismiss Plaintiff's remaining state law claim pursuant to 28 U.S.C. § 1367(c)(3).

---

[1] In his amended complaint, Plaintiff alleges that both he and Defendant are Nevada residents. Pursuant to Rule 12(b)(6) analysis, the Court must assume this to be true. See Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Accordingly, the Court only has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) and not pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#17) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's amended complaint (#16) is **DISMISSED**.

DATED this 26th day of June 2006.

_____
Kent J. Dawson
United States District Judge